**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

|  |  |
|---|---|
| TCS John Huxley America, Inc.,<br>TCS John Huxley Europe Limited,<br>TCS John Huxley Asia Limited, and<br>Taiwan Fulgent Enterprise Co., Ltd.,<br><br>                          Plaintiffs,<br><br>          v.<br><br>Scientific Games Corporation,<br>Bally Technologies, Inc., and<br>Bally Gaming, Inc.,<br><br>                         Defendants. | Civil Action No. 1:19-CV-01846<br><br>The Honorable John R. Blakey |

**MOTION FOR ENTRY OF A PROTECTIVE ORDER
TO ENFORCE THE COURT'S ORDER BIFURCATING DISCOVERY**

Defendants Scientific Games Corporation, Bally Technologies, Inc. d/b/a SHFL Entertainment, and SG Gaming, Inc. (f/k/a Bally Gaming, Inc.) ("Defendants"), pursuant to Federal Rule of Civil Procedure 26, hereby move this Court for entry of a protective order to enforce the Court's June 3, 2020 Order bifurcating discovery. (Dkt. 58.) As set forth in the accompanying Memorandum of Law, a protective order should be issued for the following reasons:

1.     First, Plaintiffs' discovery requests violate the Court's June 3, 2020 Order bifurcating discovery. That Order directed the parties to focus discovery on "when Plaintiffs 'discovered' their claims," or could have learned of their claims. (Dkt. 58; Dkt. 43 at 12-14.) Plaintiffs served document requests, a deposition notice, and third-party subpoenas that are directly relevant to the *merits* of their *Walker Process* and sham litigation claims. That discovery, however,

is unrelated to the factual issue of "when Plaintiffs 'discovered' their claims." The requested discovery has no bearing on the actual knowledge of Plaintiffs, nor the facts Plaintiffs and their litigation and patent counsel had in 2009 to 2013, which gave rise to constructive knowledge of potential claims against Defendants. Discovery on the merits of Plaintiffs' underlying claims now, during the bifurcated discovery period, would eviscerate the Court's June 3 Order bifurcating discovery.

2.      Second, Plaintiffs' purported justification for their discovery, that it is aimed at Defendants' "fraudulent concealment" of their alleged wrongdoing, is unavailing. Not only did Plaintiffs fail to improperly disclose this theory in the Supplemental Joint Status Report (Dkt. 56) that led to the Bifurcation Order or their Rule 26 initial disclosures, their proffered justification for discovery on this theory lacks any basis because it is premised on the same allegations that form the basis of their *Walker Process* and sham litigation claims. Plaintiffs thus impermissibly seek to make the very merits of their case the basis to avoid application of the discovery rule, in direct contravention of Seventh Circuit precedent, which requires Plaintiffs to identify acts of concealment "above and beyond" the underlying alleged conduct. *See Chapple v. National Starch and Chemical Co. and Oil*, 178 F.3d 501, 506 (7th Cir. 1999); *In re Copper Antitrust Litig.*, 436 F.3d 782, 791 (7th Cir. 2006); *Cada v. Baxter Healthcare Corp.*, 920 F.2d 446, 451 (7th Cir. 1990); *In re Evanston Northwestern Healthcare Corp. Antitrust Litig.*, 2016 WL 4720014, at *15-16 (N.D. Ill. Sep. 9, 2016).

3.      Third, Plaintiffs' discovery is untimely, was not properly disclosed to the Court or Defendants, and runs afoul of Federal Rule of Civil Procedure. Courts are permitted to limit discovery to specific issues, and the Court has done so here. Plaintiffs' discovery, however, goes well beyond the limited issue specific by the Court's June 3 Order, and is therefore

disproportionate to the needs of the litigation, unduly burdensome, and over broad. The discovery seeks all documents related to the underlying litigations and underlying patents at issue in Plaintiffs' antitrust claims, and also all documents related to five additional separate lawsuits between Defendants and altogether different adversaries. The discovery is not reasonably limited to documents having any conceivable connection to when Plaintiffs' were or should have been aware of their claims.

Dated: August 25, 2020

WILLKIE FARR & GALLAGHER LLP

By:  /s/ *Craig C. Martin*
    Craig C. Martin
    Matt D. Basil
    Sara Tonnies Horton
    Aaron J. Hersh
    300 North LaSalle
    Chicago, IL  60654
    Telephone: (312) 728-9000
    Email: cmartin@willkie.com
         mbasil@willkie.com
         shorton@willkie.com
         ahersh@willkie.com

    Matthew Freimuth
    787 Seventh Avenue
    New York, NY  10019
    Telephone: (212) 728-8000
    Email: mfreimuth@willkie.com